IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES LIABILITY INSURANCE GROUP,<br><br>Plaintiff,<br>v.<br><br>EKLIPSE RESOURCES, LLC, a Wyoming entity, JEFFREY AVERY, individually, DEWEY YOUNG, individually, and DAVE WEST, individually et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO INTERVENE<br><br>Case No. 1:16-cv-00166-JNP-BCW<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Brooke Wells |

Pending before the undersigned is a Motion to Intervene from proposed Defendant Intervenor Matthew Wellard. Mr. Wellard seeks permission to intervene in this action as of right in accordance with Federal Rule 24(a). In the alternative Mr. Wellard seeks permissive intervention under Federal Rule 24(b). As set forth below, the court will grant the motion to intervene.

At the outset the court notes that Mr. Wellard filed his motion on September 29, 2017.[1] There has been no opposition filed and under Local Rule 7-1(d) that is a sufficient basis to grant the motion.[2] In addition, however, the court finds Mr. Wellard meets the requirements for intervention under Rule 24(a) and thus it will not consider permissive intervention under Rule 24(b).

---

[1] Docket no. 27.

[2] DUCivR 7-1(d) Failure to Respond. "Failure to respond timely to a motion may result in the court's granting the motion without further notice."

Federal Rule of Civil Procedure 24(a) provides:

> On timely motion, the court must permit anyone to intervene who ... claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.[3]

In *Coalition of Arizona/New Mexico Counties v. Dep't of Interior*, the Tenth Circuit set forth four factors to consider when looking at motion to intervene under Rule 24(a). An "applicant may intervene as of right if: (1) the application is "timely"; (2) "the applicant claims an interest relating to the property or transaction which is the subject of the action"; (3) the applicant's interest "may as a practical matter" be "impair[ed] or impede[d]"; and (4) "the applicant's interest is [not] adequately represented by existing parties."[4] This circuit also follows a "'somewhat liberal line in allowing intervention.'"[5]

    (i)    The motion is timely

The complaint in this matter was filed approximately ten months ago in December 2016. The timeliness of a motion to intervene is assessed "in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances."[6]

In the instant case very little has transpired. An answer has been filed, multiple motions to withdraw as counsel for Defendants have been filed and Plaintiff's Motion for Summary Judgment. Mr. Wellard asserts that he would be prejudiced if not allowed to intervene because no one is left to oppose the Motion for Summary Judgment. Counsel for Defendants have

---

[3] Fed. R. Civ. P. 24(a).

[4] *Coal. of Arizona/New Mexico Ctys. for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 840, (10th Cir. 1996) (quoting Fed. R. Civ. P. 24(a)).

[5] *Utah Ass'n of Ctys. v. Clinton*, 255 F.3d 1246, 1249 (10th Cir. 2001) (quoting *Coal. of Arizona/New Mexico* 100 F.3d at 841)).

[6] *Sanguine, Ltd. V United States Dep't of Interior*, 736 F.2d 1416, 1418 (10th Cir. 1984) (citations omitted).

withdrawn and contrary to the court's order,[7] Defendants have failed to respond regarding any efforts to obtain council and their intentions to proceed. Thus there is no apparent prejudice for Defendants and any prejudice appears minimal to Plaintiff given the stipulation allowing an extension of time for Mr. Willard to responds to the Motion for Summary if he is allowed to intervene.[8] In contrast prejudice to Mr. Willard would result if intervention is not allowed.

In view of these circumstances the undersigned finds the request for intervention timely.

(ii) Mr. Wellard has an interest here in the existence of insurance coverage

Under Rule 24(a)(2), Mr. Wellard must "claim[ ] an interest relating to the property or transaction that is the subject of the action."[9] The threat of economic injury from the outcome of this litigation gives Mr. Wellard the requisite interest. Mr. Wellard seeks to maintain the existence of insurance coverage for Defendants in his underlying state lawsuit against them. In that litigation Mr. Wellard was "informed that the Defendants may not be unable to satisfy a state court judgment without the insurance coverage from USLIG."[10] In *National Farm Lines v. Interstate Commerce Comm'n.*,[11] the Tenth Circuit agreed that a decision adverse to the interests of the carriers would "render unenforceable a statutory scheme which directly protects their economic interests and would, as a result, subject them to unregulated competition which would be highly injurious."[12] The Tenth Circuit then reversed the district court's denial of intervention

---

[7] Docket no. 25.

[8] Docket no. 30.

[9] Fed. R. Civ. P. 24(a)(2).

[10] Mtn. p. 5.

[11] 564 F.2d 381 (10th Cir. 1977)

[12] *Id.* at 382.

concluding the possible economic harm was sufficient to provide an interest in the outcome of the litigation.[13] Thus, for Mr. Wellard this factor is also satisfied.

    (iii)    Mr. Wellard's interests may be impaired or impeded in this litigation

"'To satisfy this element of the intervention test, a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied. This burden is minimal.'"[14] As noted above Mr. Wellard may face economic harm in relation to insurance coverage depending on the outcome of this case. Thus his interests may be impaired or impeded by this litigation. This factor is met.

    (iv)    Mr. Wellard's interests are not adequately represented by the existing parties

"Although an applicant for intervention as of right bears the burden of showing inadequate representation, that burden is the 'minimal' one of showing that representation 'may' be inadequate."[15] Representation may be presumed adequate when the purported intervenor's objective is identical to one of the parties.[16] Although Defendants here may have a nearly identical objective regarding insurance coverage, Defendants have basically fallen asleep and are not actively involved. Defendants still do not have counsel, have failed to answer this court's order to show cause and have done little more than file an Answer. Thus Mr. Wellard's interests are not being adequately represented, nor does it appear this is going to change anytime soon in the near future. This factor weighs in favor of intervention.

---

[13] *Id.* at 384.

[14] *Utah Ass'n of Ctys. v. Clinton*, 255 F.3d 1246, 1253, (10th Cir. 2001) (quoting *Grutter v. Bollinger*, 188 F.3d 394, 399 (6th Cir. 1999)).

[15] *Sanguine,* 736 F.2d at 1419 (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528 n.10, 92 S.Ct. 630, 20 L.Ed.2d 686 (1972)).

[16] *See Bottoms v. Dresser Indus., Inc*., 797 F.2d 869, 872 (10th Cir.1986).

4

ORDER

For the reasons set forth above the court GRANTS Mr. Wellard's Motion to Intervene.

Mr. Wellard is directed to file his Answer within seven (7) days from the date of this order.

IT IS SO ORDERED.

DATED this 25 October 2017.

Brooke C. Wells
United States Magistrate Judge